30 C.C.P.A. (Patents)

## In re CAROTHERS et al.

### Patent Appeal No. 4738.

Court of Customs and Patent Appeals.

April 5, 1943.

Cullen G. Frey, of Wilmington, Del. (C. H. Biesterfeld, of Wilmington, Del., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting as unpatentable claims 1, 2, 5, 6, 8 to 12 inclusive and 14 of an application for a patent alleging new and useful improvements in a Process for Dyeing Synthetic Fiber-Forming Linear Polymeric Amides. Certain other claims were drawn to non-elected species and are not before us.

The involved claims are for a process and the resulting product. The product depends entirely upon the process and therefore it is not necessary to treat the claims in separate groups.

Claim 1, stated in the brief of appellants to be the broadest of the rejected claims, is illustrative of the subject matter involved in the appeal and reads as follows: "1. Material comprising a synthetic fiber-forming linear polymeric amide in which said polymeric amide is colored with a dyestuff of the water insoluble cellulose acetate dye class."

The alleged invention relates to the coloring of synthetic fiber-forming linear polymeric amides, known to the public as "nylon". That material was invented and patented by Wallace H. Carothers, one of the joint applicants in the involved application. Nylon, after its development, came to be widely used in the same fashion as natural or artificial silks in the making of hosiery and fabrics. Appellants here seek protection for a process of dyeing nylon with water insoluble cellulose acetate dyes, which dyes had been conventionally employed in coloring fabrics woven of or manufactured from cellulose acetate, such as certain forms of rayon.

In office actions on the application, the examiner cited several United States patents, two foreign patents and two publications as references, but in his letter of final rejection, while stating that in his opinion the rejection for reasons of record was sound, based his action on another ground, stating as follows: "The position taken by the Examiner is that once a new textile fiber is developed for commercial use it is apparent to try out various known methods and materials for dyeing the same. The number of such classes of dyes is not exceedingly great, and the finding that one or more of such classes of dyestuffs

344

applied in the conventional manner have affinity for the new textile material is not deemed to involve inventive ingenuity."

The examiner pointed out that the issue merely presented the question of whether or not it involved invention to try out examples of well-known dyes and to ascertain which kinds would color nylon by the conventional methods used on other fibers. He held that "the subject matter at issue defines no more than the natural and expected step in the development of the art, within the realm of the skilled dyer, and not arising to the dignity of invention."

The Board of Appeals in its decision agreed with the examiner, holding there was no invention in choosing the dyes defined in the involved claims for the reason that it was merely a matter of choice to try such dyes.

There appears in the original nylon patent to Carothers, No. 2,130,523, the statement: "These fibers [nylon] also have a strong affinity for dyes; they can be dyed rapidly, permanently and directly, with the dyes ordinarily used for wool and silk." Appellants state in their application that when articles made of nylon were colored by means of the class of dyes ordinarily used with wool and silk the product was not uniformly shaded in its coloring. The reason for this, they state, is because of the variations in the character of the yarn. When nylon is colored by means of the water insoluble dyestuff defined in the claims, according to appellants, the fibers are uniformly dyed irrespective of any variations that might exist in their chemical or physical properties.

It is conceded that the use of water insoluble cellulose acetate dyes on cellulose acetate fibers is old in the dyeing art, but appellants contend that by reason of the difference between the chemical and structural makeup of cellulose acetate and that of nylon it would not be obvious to one skilled in the art to apply to nylon for dyeing purposes the said water insoluble cellulose acetate dyes. A decision on this contention will dispose of the issue.

Nylon itself is not new; neither is the said class of water insoluble dyeing agents. The process employed by appellant is conventional. Those skilled in the dyeing art are undoubtedly familiar with the different classes of dyes as applicable to different classes of material to be dyed. The

only difference we are able to perceive between nylon colored with the ordinary wool and silk dyeing agents and nylon colored by the said water insoluble dyestuffs is that in the latter the color is constant in shade. We do not think that difference is sufficient to render the rejected claims patentable. The use of water insoluble cellulose acetate dyes was known to be successful in dyeing fibers of cellulose acetate, although apparently those fibers were the only ones upon which the dyes were used.

It seems, as the examiner pointed out, that the classes of dyeing agents are not very numerous, and in our opinion it would have been natural for appellants to have tried on nylon the various dyeing agents known to the art in order to ascertain if any of them would bring about the result they sought. This, of course, would not involve invention. Therefore we agree with the tribunals below that the involved claims were properly rejected.

We have examined the cases cited in appellants' brief, but deem it unnecessary to discuss them for the reason that none of them has a factual foundation sufficiently parallel to the facts in the instant case to be applicable.

The decision of the Board of Appeals is affirmed.

Affirmed.