Affirmed.

34 C.C.P.A. (Patents)

## In re LEUM et al.

### Patent Appeal No. 5210.

Court of Customs and Patent Appeals.
Dec. 9, 1946.

Norbert E. Birch, of Washington, D. C., for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting all of the claims 7, 8, 9 and 12 of an application for a patent alleging new and useful improvements in a method of producing toluene from alkylated aromatic hydrocarbons by catalytic treatment in the presence of benzene for lack of invention over the patent to Sachanen, et al., 2,257,920, October 7, 1941.

Claim 7, which is the broadest of the appealed claims, is representative of the subject matter and read as follows: "7 The method of producing toluene which comprises acting upon a mixture of benzene and a polyalkylated aromatic hydrocarbon with AlCl₃ at a temperature of from 325°F. to 450°F. and *under a superatmospheric pressure equivalent to the vapor pressure of the mixture at the operating temperature,* the weight ratio of benzene to polyalkylated aromatic hydrocarbon being within the range of 0.5:1 to 4:1. (Italics ours.)

It will be noted that that claim describes the process as involving a mixture of benzene and polyalkylated aromatic hydrocarbons with aluminum chloride, AlCl₃. Claims 8, 9 and 12 are more limited than claim 7 in that they call for petroleum naptha as the starting hydrocarbon. The production of toluene is old in the art and appellants concede that if the italicized clause in claim 7 does not lend patentability to the claims the rejection was proper. That clause means that the reactants are heated in a closed vessel. No other method is suggested by the application.

The Sachanen et al. patent discloses a process by which toluene may be produced. In the process using the same or equivalent materials as those set out in the claims, temperature ranges are disclosed and claimed from about 80°C. to about 200°C. 200°C is the equivalent of 392°F. The preferred temperature is stated to be between about 175°F. and about 250°F. It is not specified in the patent that the reaction is carried out at atmospheric pressure, but the

raising of the temperature of the reactants above the boiling point of benzene is therein contemplated.

The Patent Office tribunals held that it would be obvious to carry out the process disclosed in the patent in a closed vessel wherein superatmospheric pressure would necessarily be produced.

It appears to us that the reasoning of the tribunals below is correct. It seems clear that in the process of the patent wherein high boiling alkylated aromatic hydrocarbons are heated in the presence of benzene and an aluminum chloride catalyst to a temperature between 80°C. and 200°C. for conversion to lower boiling alkylated aromatics, when the mixture reaches a temperature above the boiling point of benzene, which is 80°C. or 176°F., the benzene vapors would pass off unless preserved or confined by some means. No mention is made in the patent that the process should be carried out in the vapor phase as suggested by counsel for appellants.

The examiner stated that it was common practice to use closed systems when reaction temperature to be used is so high that any of the reactants might otherwise escape from the mixture.

That statement has not been questioned nor was the examiner called upon for proof thereof. On the record here we do not see how invention can be involved in carrying out the process of the patent in a closed system. Whether or not the systems were open or closed, it surely would be obvious to try either in a reaction of the character defined by the patent.

There is nothing critical in the range defined in the claims, nor is it so contended. It may be noted that within the range of 325°F. to 450°F. set forth in the claims of the application and the disclosure and the range of the patent from 175°F. to 392°F. there is an overlapping by 67°F.

The only question here is whether or not it involved invention to carry out the process of the patent in a closed vessel. If such is within the skill of the art, there can be no invention even though the results obtained by the claimed process are better than those shown by such art. In re Kepler, 132 F.2d 130, 30 C.C.P.A. (Patents) 726.

Prior to the final rejection of the claims by the examiner, one of the appellants filed an affidavit in which he set out the records of experiments made by him showing the results obtained in accordance with the processes of patents, other than the present reference, which had then been cited against the involved claims. Those experiments showed a higher yield of toluene obtained from the process of the application than from the processes of those patents. There is no showing of any difference in results between appellants' process and that of the single reference. Therefore, the affidavit is without probative effect.

Since counsel for appellants has conceded that the claims were properly rejectable unless the italicized clause shown in claim 7 rendered them patentable and since it appears to be obvious to use a closed vessel to obtain the pressure defined in the patent claims, we are of opinion that the said clause does not render the claim patentable and it is not necessary to consider other contentions.

For the reasons hereinbefore given, the decision appealed from is affirmed.

Affirmed.