34 C.C.P.A.(Patents)

### Application of LIESER.
### Patent Appeal No. 5306.

Court of Customs and Patent Appeals.
June 3, 1947.

Rudolph S. Bley, of Elizabethton, Tenn. (Arthur Worischek and Richard K. Stevens, both of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 13 to 16, inclusive, in appellant's application for a patent for an invention relating to cuprammonium cellulose spinning solutions produced by dissolving cellulose in ammoniacal copper compounds.

Claims to appellant's method of dissolving cellulose in ammoniacal copper compounds have been allowed, but the appealed claims, which call for a solution which is employed in carrying out the method, were rejected as failing to define invention over the prior art cited.

Claims 13 and 16, which are representative of the appealed claims, read:

"13. A cuprammonium cellulose spinning solution having a temperature of about –7 to –8° C and containing about 6 to 12 per cent by weight of a dissolved cellulose, copper hydroxide and about 3 to 5.6 per cent by weight of ammonia."

"16. A cuprammonium cellulose spinning solution having a temperature of about –8° C and comprising 50 kilograms of dry wood pulp containing 98% of alpha cellulose homogeneously dissolved in 550 liters of water containing 4.3% by weight of NH3, 29 kilograms of copper oxychloride and 45 liters of soda lye having a specific density of 1.12."

The references relied upon are:

Ridgway et al. (British) 506,365, May 25, 1939,

Gulbrandsen et al., 2,336,481, December 14, 1943.

Appellant's application relates to the dissolving of cellulose, in the form of wood pulp, for example, in ammoniacal copper oxide. The specification points out that it is desirable to use as little ammonia and copper as possible and states that it has been found that if a low temperature is employed it is possible to use a smaller amount of ammonia in dissolving a given quantity of cellulose, and that this results in a corresponding reduction in the amount of copper. It is stated that the amount of ammonia needed becomes progressively lower as the temperature is reduced and that the lower limit is fixed only by the tendency of the water present in the solution to freeze. In the examples given, temperatures of seven or eight degrees below zero, centigrade, are employed. The proportions used may comprise about 6 to 12% by weight of cellulose, 3 to 5.6% by weight of ammonia and a weight of copper oxide generally similar to that of the am-

monia. The specification also states that instead of copper hydroxide, copper salts, such as sulfate and oxychloride may be used, together with a corresponding amount of alkali lye.

The patent to Gulbrandsen et al. discloses a process involving the production of a solution containing cellulose, ammonia and copper hydroxide. The patentees point out that, in such solutions, it is desirable to economize as much as possible in the use of ammonia and that "the solubility of copper hydroxide in ammonia is materially increased at low temperature." They also state that in their process "it is found that the amount of copper hydroxide may be measurably reduced, as compared with previous process [sic]." In carrying out their process, the patentees consider a temperature of 0° to 2° C. "ideal," but state that "gradually decreasing advantageous results may be attained under higher temperatures extending up to say 10° C.," and that "Temperatures considerably lower than 0° to 2° C. are highly advantageous." In one example given in the patent, the solution comprises 10.47% cellulose, 5.61% ammonia, and 5.55% copper hydroxide. The temperature employed in each of the examples given is 0° to 2° C.

The British patent to Ridgway et al. relates to the production of a cuprammonium cellulose solution, including copper sulfate and ammonium hydroxide and sodium hydroxide. The patentees state that their process involves the use of a solution having a low ammonia content, and that they employ "a low temperature, for example, approximately 4° C."

The Primary Examiner and the Board of Appeals held' the appealed claims unpatentable over either the patent to Gulbrandsen et al. or the patent to Ridgway et al. The examiner held that each of those patents disclosed proportions of materials in the solutions which substantially satisfied the requirements of the claims and the board held that "Gulbrandsen et al. apparently anticipate the claims except for the temperature of the solutions." The patent to Gulbrandsen et al. discloses a solution containing 10.47% of cellulose,

which is within the 6 to 12% range set forth in claim 13; and 5.61% of ammonia which is at the upper limit of the range of "about 3 to 5.6 per cent," called for by that claim. The solution disclosed in the patent also contains copper hydroxide and, accordingly, fully satisfies all requirements of claim 13 as to the ingredients and proportions thereof in the solution.

Claims 14 and 15 call for proportions of cellulose and ammonia within the ranges set forth in claim 13. Those claims also call for definite amounts of copper hydroxide, however, it is not shown, or even alleged that those amounts are critical. Claim 14 specifies that the cellulose is in the form of cotton linters, and claim 15 specifies that the cellulose is in the form of wood pulp. Both of those materials are disclosed by the patent to Gulbrandsen et al.

Claim 16 calls for copper oxychloride and soda lye instead of the copper hydroxide called for by the other appealed claims. Appellant's specification states that the copper oxychloride and soda lye may be used alternatively in place of copper hydroxide. It is not alleged that there is any substantial difference between those materials so far as the appealed claims are concerned.

Neither appellant's application nor the brief of counsel for appellant asserts that there is any thing critical in the proportions or materials set forth in the appealed claims. Under such circumstances, the statement of the board that the patent to Gulbrandsen et al. anticipates the appealed claims "except for the temperature of the solutions" is, in our opinion, correct.

The Primary Examiner held that the temperature of the solution "is evanescent in character and cannot be relied upon to distinguish it in a patentable sense from the prior art." The Board of Appeals overruled that holding and held that the temperature could properly be considered in determining the patentability of the claims. It remains, therefore, to be determined whether the use of the particular temperatures set forth in the appealed claims, namely about –7 or – 8° C. involves invention.

■ The desirability of using low temperatures is clearly recognized in the patent

to Gulbrandsen et al. It is there stated that "the solubility of copper hydroxide in ammonia is materially increased at low temperature," and a process is described in which the solution is maintained at a low temperature by placing it in a jacketed tank and circulating brine through the jacket. Although temperatures of 0° to 2° C. are used in the specific examples given in the patent, the patentees state that "Temperatures considerably lower than 0° to 2° C. are highly advantageous." That language fairly suggests the use of temperatures as low as –7° or –8° C., and it is, therefore, immaterial whether the patentees anticipated that any particularly desirable results would be obtained at those precise temperatures. No invention is involved in following the teaching of the prior art, even if the results obtained are better than might have been expected. In re Gauerke, 86 F.2d 330, 24 C.C.P.A. (Patents) 725; In re Kepler, 132 F.2d 130, 30 C.C.P.A. (Patents) 726; In re Carothers (Deceased) et al., 135 F.2d 343, 30 C.C.P.A. (Patents) 995; In re Leum et al., 158 F.2d 311, 34 C.C.P.A. (Patents) 762.

Moreover, although it is alleged in the brief of counsel for appellant that a temperature of –7° or –8° C. is critical, the record does not show this to be a fact. The brief makes a comparison between the specific examples given in appellant's application, in which temperatures of –7° or –8° C. are used, and the examples given in the Gulbrandsen et al. patent, in which temperatures of 0° to 2° C. are used. This comparison shows that, per pound of cellulose, the patentees use .521 to .687 pounds of ammonia, while appellant uses .47 to .59 pounds. Those ranges overlap and clearly present no critical difference. The comparison also shows that the patentees use .530 to .556 pounds of copper hydroxide per pound of cellulose, whereas appellant states in his examples that he uses .35 to .42 pounds. Although there is a substantial difference, nevertheless, as heretofore stated, this difference results from the use of a lower temperature which is clearly suggested by the Gulbrandsen et al. patent.

█ It will also be observed that the application does not suggest that there is any critical change at a temperature of –7° or –8° C. On the contrary, the specification refers to cooling the solution "to a temperature below 0° C." One of the examples merely calls for "cooling to low temperature" and some of the original claims specified "a temperature below 0° C." Under such circumstances we are unable to hold that the appealed claims define patentable subject matter.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, GARRETT, Presiding Judge, was not present at the argument of this case and did not participate in the decision.